EDMOND PARKER, APPELLANT, v. WILLIAM T. HICKSON,
APPELLEE.

Submitted December 2, 1915—Decided March 9, 1916.

Plaintiff purchased real estate of the defendant, and the latter con-
tracted to hold himself "responsible for any structural defect
that may be manifest within a reasonable time after the signing
of this agreement," and plaintiff sued in the District Court for
damages for breach of the guaranty, enumerating in his state of
demand the spreading of a beam, falling of the floor in the bath-
room, &c. At the trial the plaintiff was nonsuited on his state of
demand, on the ground that his action had been brought more than
six years from the date of the contract. *Held*, that the contract
contemplated that at a future period something might make it-
self manifest that was not so at the time of signing the agree-
ment, and it was against this that the guaranty was made, and
that therefore the question at what time the alleged defect be-
came manifest was a matter of fact that required testimony, and
it was error to nonsuit on the pleadings.

On appeal.

Before Justices GARRISON, TRENCHARD and BLACK.

For the appellant, *Edwin C. Caffrey*.

For the appellee, *Howe & Davis*.

The opinion of the court was delivered by

GARRISON, J.    The plaintiff sued in the District Court for
damages for a breach of a guaranty and was nonsuited on his
state of demand on the ground that his action, having been
brought more than six years from the date of the contract
sued upon, was barred by the statute of limitations.    The
precise question is, When does the statute of limitations begin
to run on a contract made by the vendor of real estate to hold
himself "responsible for any structural defect that may be
manifested within a reasonable time after the signing of this
agreement?"

Counsel for both parties are agreed that the statute begins to run immediately upon the accrual of the action. But as to the time when the action accrues they disagree. Counsel for the plaintiff contends that the action accrues when the defect "is manifested." Counsel for the defendant and appellee insists that the action accrues as soon as a defect exists, without regard to its manifestation.

We think that the contention of the plaintiff is the correct one. The language of the contract takes it out of that class of cases in which the statute runs from the date of the contract, the cause of action having then accrued, although not manifest to the senses or known to exist. Here the contract contemplated that at a period future to its date something might make itself manifest that was not so at the time of the signing of the agreement, and it was against this future something that the guarantor expressly warranted. This completely negatives the notion that the parties were dealing only with existing unmanifested defects. Some of the defects enumerated in the state of demand were or may have been of this nature, *e. g.,* the spreading of the trimmer beam, the falling of the floor of the hearth and the settling of the bathroom. At what period after the signing of the contract these defects became manifest, is not in the case, since the nonsuit was on the pleadings and there is no presumption against the plaintiff. This is a matter of fact that calls for testimony, and whether such time was a reasonable time presents a question for a jury or for the court sitting as such. It was error to nonsuit on the pleadings.

The judgment is reversed.